UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| JENNY BENNETT, ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| vs. ] | 6:07-CV-0995-LSC |
| ] | |
| MICHAEL J. ASTRUE, ] | |
| Commissioner, ] | |
| Social Security Administration, ] | |
| ] | |
| Defendant. ] | |

MEMORANDUM OF OPINION

I.  Introduction.

Plaintiff, Jenny Bennett, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Disability Insurance Benefits ("DIB"). Mrs. Bennett timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Mrs. Bennett was forty-four years old at the time of the Administrative Law Judge's ("ALJ's") decision, and she has a high school equivalency

diploma. Her past work experience includes employment as a mail clerk, pharmacy technician, cashier, secretary/office clerk, and medical records clerk. Mrs. Bennett initially claimed that she became disabled on May 1, 2000, due to chronic obstructive pulmonary disease ("COPD"), emphysema, and depression/anxiety, but later amended her alleged onset date to December 31, 2002.

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If he or she is, the claimant is not disabled and the evaluation stops. *Id*. If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. § 404.1520(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id*. The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the

analysis stops. 20 C.F.R. § 404.1520(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairments fall within this category, he or she will be found disabled without further consideration. *Id.* If they do not, a determination on the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. § 404.1520(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id.* Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found that Mrs. Bennett meets the nondisability requirements for a period of disability and DIB and was insured through December 31, 2002.  Tr. at 17.  He further determined that she has not engaged in substantial gainful activity since the alleged onset of her disability.  *Id*.  According to the ALJ, Plaintiff's COPD and depression/anxiety are impairments which are considered "severe" based on the requirements set forth in the regulations.  *Id*.  However, he found that these impairments neither met nor medically equaled, either singly or in combination, any of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.  *Id*.  The ALJ determined that Plaintiff has the RFC to perform work at the light exertional level with additional restrictions.  *Id*. at 18.  According to the ALJ, Plaintiff's additional limitations include: a sit/stand option, mild back pain and depression/anxiety.  *Id*.  The ALJ further determined that Plaintiff could occasionally lift/carry 20 pounds and frequently carry 10 pounds.  *Id*.

According to the ALJ, Mrs. Bennett's past relevant work as a clerk, cashier, mail/postal clerk, and secretary/office clerk does not require the performance of work-related activities precluded by her residual functional

capacity. *Id*. at 22. Because Plaintiff can perform her past relevant work, the ALJ concluded his findings by stating that Plaintiff "was not under a 'disability,' as defined in the Social Security Act, at any time through the date of this decision." *Id.*

II.     Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id*. "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's

finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.  Discussion.

Mrs. Bennett alleges that the ALJ's decision should be reversed because the ALJ erred in failing to accord greater weight to the opinion of Plaintiff's treating pulmonologist, Dr. Russell Beaty. (Doc. 5 at 15.)

A treating physician's testimony is entitled to "substantial or considerable weight unless 'good cause' is shown to the contrary."

*Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)) (internal quotations omitted). The weight to be afforded a medical opinion regarding the nature and severity of a claimant's impairments depends, among other things, upon the examining and treating relationship the medical source had with the claimant, the evidence the medical source presents to support the opinion, how consistent the opinion is with the record as a whole, and the specialty of the medical source. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d). Furthermore, "good cause" exists for an ALJ to not give a treating physician's opinion substantial weight when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) (*citing Lewis*, 125 F.3d at 1440); *see also Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991) (holding that "good cause" existed where the opinion was contradicted by other notations in the physician's own record).

The Court must also be aware of the fact that opinions such as

whether a claimant is disabled, the claimant's residual functional capacity, and the application of vocational factors "are not medical opinions, . . . but are, instead, opinions on issues reserved for the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability."  20 C.F.R. §§ 404.1527(e), 416.927(d).  The Court is interested in the doctors' evaluations of the claimant's "condition and the medical consequences thereof, not their opinions of the legal consequences of his [or her] condition." *Lewis*, 125 F.3d at 1440.  Such statements by a physician are relevant to the ALJ's findings, but they are not determinative, as it is the ALJ who bears the responsibility for assessing a claimant's residual functional capacity.  *See, e.g.,* 20 C.F.R. § 404.1546(c).

A key issue in the instant case is the relevant time period.  The claimant has the burden of proving the existence of a disability as defined by the Social Security Act.  *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991).  In order to be entitled to disability benefits, Plaintiff must have applied for benefits while disabled or no later than twelve months after the month in which his period of disability ended.  *See Wilson v. Barnhart*, 284

F.3d 1219, 1226 (11th Cir. 2002); 20 C.F.R. §§ 404.315(a)(3), 404.320(b)(3), 404.621(d). If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability. *See, e. g., Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973); *Chance v. Califano*, 574 F.2d 274 (5th Cir. 1978). Because Plaintiff amended her onset date to the date that her insured status expired, the relevant time period for consideration of Plaintiff's disability is relatively short.

This issue becomes very important in this case because the majority of the medical evidence in the certified transcript concerns Plaintiff's treatment for the time period after December 31, 2002. *See* Tr. at 109-48, 164-75, 177-206, 208-53, 262-68. In fact, it is undisputed that Plaintiff is currently disabled.[1] *Id*. at 19. However, for purposes of this appeal, the Court will limit its analysis to the evidence on record within the relevant time period.

Plaintiff's sole argument is that the ALJ failed to give controlling

---

[1] The ALJ noted that on April 25, 2003, Plaintiff underwent a lobectomy for ablation for severe COPD. In December 2005, a pulmonary function test revealed a very severe airway obstruction and a severe diffusion impairment. As of the administrative hearing, Plaintiff was on oxygen 24/7 and in a wheelchair.

weight to Dr. Beaty's opinion. (Doc. 5 at 15-19.) On August 14, 2006, in response to a questionnaire provided by Plaintiff's attorney, Dr. Beaty provided an opinion that Plaintiff was disabled prior to December 31, 2002. Tr. at 207. After reviewing the relevant medical evidence, the ALJ found that Dr. Beaty's 2006 opinion was not supported by his own contemporaneous treating notes in 2002, or by the other objective medical evidence. *Id.* at 19-20. Instead, the ALJ found that Plaintiff's symptoms appeared to be controlled by medication until April 2003. *Id.*

The ALJ's determination is supported by the substantial evidence. On January 30, 2002, Plaintiff saw Dr. Russell Beaty for follow-up treatment of her COPD. Dr. Beaty observed that Plaintiff was "doing very well." *Id.* at 260. Upon examination, Dr. Beaty noted that Plaintiff's lungs were clear, her respiratory rate was normal, and her breathing was doing well. *Id.* Plaintiff returned to Dr. Beaty on April 30, 2002, complaining of shortness of breath and smothering. *Id.* at 259. Dr. Beaty noted that Plaintiff continued to smoke two packs of cigarettes per day, and he recommended that she stop smoking. *Id.* Upon examination, there was some bilateral decreased breath sounds, but her lungs were clear. *Id.* Approximately two

months later, in June 2002, Plaintiff reported experiencing back pain after "moving and cleaning up to move in another house." *Id*. at 258.  Dr. Beaty treated Plaintiff conservatively with pain medication. *Id*.  Dr. Beaty also noted that Plaintiff had decreased breath sounds, but no rhonchi or wheezing was present. *Id*.  Plaintiff did not return to Dr. Beaty until November 1, 2002, again complaining of back pain and anxiety, which Dr. Beaty again treated with medication. *Id*. at 257.  On this visit, Plaintiff did not complain of shortness of breath or wheezing and the medical records again reflected no rhonchi or wheezing. *Id*.  Plaintiff returned on November 15, 2002 for a follow-up appointment and she was "feeling much better" and "sleeping much better." *Id*. at 256.  Dr. Beaty noted that Plaintiff had a good range of motion in all her extremities. *Id*.  Again, Plaintiff reported no shortness of breath and her examination revealed that her lungs were clear. *Id*.  On December 10, 2002, Plaintiff returned with complaints of "on and off" back pain which she attributed to "temporally moving and lifting multiple boxes." *Id*. at 254.  Dr. Beaty ordered an MRI of Plaintiff's thoracic spine which was negative. *Id*. at 176.  Furthermore, on examination, her lungs were quiet and clear and hyper-resonant on percussion. *Id*.

It was not until April 2003, that the ALJ determined that objective medical evidence revealed that Plaintiff's COPD symptoms were starting to deteriorate. *Id.* However, this was after December 31, 2002, the last date that Plaintiff was insured. The record reveals that the ALJ specifically considered the assessment of Dr. Beaty, and substantial evidence supports his decision to disregard his opinion as inconsistent with medical evidence prior to April 2003.

IV. Conclusion.

Upon review of the administrative record, and considering all of Mrs. Bennett's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

Done this 8th day of July 2008.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671